469 So.2d 11 (1985)
CHRYSLER CREDIT CORPORATION
v.
Walter NATA and Susan Mae Nata.
No. CA-2701.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
Rehearing Denied May 29, 1985.
George P. Hebbler, Jr., Turner, Young & Hebbler, New Orleans, for defendant-appellant, Susan Mae Nata.
Roger B. Jacobs, Jacobs and Loeffelholz, New Orleans, for plaintiff-appellee, Chrysler Credit Corp.
Before BARRY, WARD and BYRNES, JJ.
*12 WARD, Judge.
This appeal presents the question of whether a wife who purchases an automobile with her husband and who co-signs the sale agreement, the promissory note and the chattel mortgage must be named as co-defendant with him when the mortgage is foreclosed and the automobile seized and sold in an executory proceeding.
We believe that, under the circumstances of this case, it is sufficient to sue only the husband in the executory foreclosure proceeding. We, therefore, affirm the Trial Court's dismissal of Susan Mae Nata's claim against Chrysler Credit Corporation for wrongful seizure, dispossession and conversion of the automobile.
In reviewing the Trial Court's ruling on the exception of no cause of action, we must decide whether Mrs. Nata's reconventional demand makes a legally cognizable claim for relief, assuming all doubts are resolved in favor of the sufficiency of her petition. That petition and its attached documents contain a Sale and Chattel Mortgage executed between Gentilly Dodge, Inc., seller and mortgagee, and Walter J. Nata and Susan Mae Nata, purchasers and mortgagors of a 1980 Dodge Omni automobile. The second page of the Sale and Chattel Mortgage contains a negotiable promissory note for $11,937.60 payable to bearer and signed by both Mr. and Mrs. Nata. These documents were executed on September 30, 1980. The final page of the documents contains undated provisions indicating that Gentilly Dodge assigned the contract to Chrysler Credit Corporation. Although the Nata's automobile was community property, it was registered by the Louisiana Department of Public Safety and the certificate of title was issued in the name of Walter J. Nata only.
The record further shows that on September 8, 1983, Chrysler Credit filed suit against Walter J. Nata to foreclose on the chattel mortgage by executory process, claiming the obligation was in default, and as provided in the mortgage, the entire balance of $3,715.12 was due with interest and attorney fees. After appraisal and proper legal delays, the automobile was sold at a judicial auction to Chrysler Credit for $1,400.00, two-thirds of its appraised value. Chrysler Credit then instituted suit against both Walter and Susan Nata for a deficiency judgment. With her answer to the suit denying liability and pleading redhibition as an affirmative defense, Susan Nata filed a reconventional demand against Chrysler Credit for damages resulting from the alleged wrongful seizure of the automobile. The Trial Court dismissed Mrs. Nata's reconventional demand on Chrysler Credit's exception of no cause of action. Mrs. Nata's appeal from this dismissal brings the case before us.
Mrs. Nata contends that the seizure and the sale of the automobile was wrong because she was entitled to notice of the suit for executory process as well as other procedural protections. She bases her claim upon her dual status as a co-maker personally liable on the promissory note and a co-owner of the community automobile securing the mortgage. We find the law and the documents in the record support the Trial Court's judgment and we affirm the holding: Mrs. Nata has no cause of action.
By co-signing the promissory note as makers, Susan and Walter Nata obligated themselves "jointly, severally and in solido" to pay the total indebtedness. Louisiana Civil Code Article 1795 provides:
An obligee, at his choice, may demand the whole performance from any of his solidary obligors. A solidary obligor may not request division of the debt.
Unless the obligation is extinguished, an obligee may institute action against any of his solidary obligors even after institution of action against another solidary obligor.
Therefore, Chrysler Credit need not name both, but may choose to name only one of its co-debtors in the initial suit for executory process to foreclose on the mortgage and collect the balance due on the note. We agree with Mrs. Nata that she was liable "personally and individually," but because it was a solidary liability, *13 Chrysler Credit was free to pursue either Mr. or Mrs. Nata, or both.
As for Mrs. Nata's claim that as co-owner she was entitled to service of executory process, we agree that she owned an undivided one-half interest in the automobile. La.C.C. art. 2336. Nonetheless, the automobile was registered with the State of Louisiana in the name of Walter Nata, and Civil Code Article 2351 provides that a spouse has the exclusive right to manage, alienate, encumber, or lease movables legally registered in his name. So, although both Mr. and Mrs. Nata mortgaged the car, Mr. Nata effectively took over the management of it when it was registered in his name only. Hence, Chrysler Credit did all that was necessary when it served Walter Nata in the executory proceeding and need not have served Mrs. Nata, because Mr. Nata was exercising his exclusive right of management when he received service of process and allowed the automobile to be seized and sold in partial satisfaction of the community debt. Mrs. Nata argues that the automobile was mortgaged before it was registered solely in her husband's name. This is true, but it was registered in Mr. Nata's name at the time of the default, foreclosure, and judicial sale.
Mrs. Nata further points out that it was the seller, Gentilly Dodge, that registered the automobile in Mr. Nata's name; hence Chrysler Credit cannot rely on the registration to determine who is the managing spouse. Chrysler Credit responds to this contention by asserting, correctly we believe, that if Gentilly Dodge did obtain the vehicle registration, it was a mere courtesy, and it was the owners' duty to secure and maintain a proper registration certificate. If the Natas objected to registration solely in Mr. Nata's name, they should have secured a certificate which suited their wishes rather than allowing the car to remain registered in Walter Nata's name for several years.
We find further support for Chrysler Credit's right to sue only Mr. Nata in Louisiana Code of Civil Procedure Article 735:
Either spouse is the proper defendant, during the existence of the marital community, in an action to enforce an obligation against community property; however, if one spouse is the managing spouse with respect to the obligation sought to be enforced against the community property, then that spouse is the proper defendant in an action to enforce the obligation.
* * * * * *
For the foregoing reasons, we find no error in the Trial Court's dismissal of Susan Mae Nata's reconventional demand because it failed to state a cause of action. We affirm the judgment with all costs to be paid by Mrs. Nata.